## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES FOSTER,                          )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )        Case No. CIV-22-00526-JD
                                       )
ALEXIS GOINGS and LIBERTY MUTUAL       )
INSURANCE COMPANY,                     )
                                       )
                    Defendants.        )

## ORDER

Before the Court is Defendant Liberty Mutual Insurance Company's ("Liberty Mutual") Motion to Dismiss ("Motion"). [Doc. No. 4]. This action was removed from state court by Liberty Mutual following Plaintiff James Foster's dismissal with prejudice of Defendant Alexis Goings and an order signed by the state trial court allowing Plaintiff to add Liberty Mutual to the action. *See* [Doc. No. 1 (Notice of Removal); Doc. No. 1-14 (Mar. 25, 2022, state-court voluntary dismissal with prejudice by Plaintiff of Goings); Doc. No. 1-15 (Apr. 11, 2022, state-court order granting plaintiff leave to file amended petition to add Liberty Mutual as defendant to state-court lawsuit)].

The Motion seeks dismissal of Plaintiff's current complaint (filed as an amended petition in state court) [Doc. No. 1-16] for various reasons including that the insurance policy reflects Liberty Mutual is not a party to Plaintiff's contract, that the Unfair Claims Settlement Practices Act does not provide for a private right of action, and that the state

trial court lacked jurisdiction at the time Liberty Mutual was added based on the dismissal with prejudice of Goings.[1]

Once a case is removed from state court, the Federal Rules of Civil Procedure apply. Fed. R. Civ. P. 81(c)(1). Given the nature of Liberty Mutual's arguments and the requirements imposed on counsel and parties under Rule 11(b), the Court **ORDERS** the parties to confer through counsel before Plaintiff responds to the Motion.[2] Should Plaintiff determine that his case should be dismissed, Plaintiff shall promptly file a notice of voluntary dismissal consistent with Rule 41(a)(1)(A)(i) without requiring the use of court resources to decide the Motion. Should Plaintiff choose to respond to the Motion within the deadline set by Local Civil Rule 7.1, Plaintiff shall include a certificate of conference in his response to the Motion providing the Court with the following information: (1) the date and length of the conference and who attended the conference, (2) the matters discussed at the conference, and (3) whether any agreements were reached between counsel for the parties regarding the Motion or any of the arguments raised in the Motion.

Failure by either party to comply with this Order in good faith may result in sanctions. *See* Fed. R. Civ. P. 11(c)(1) ("[T]he court may impose an appropriate sanction

---

[1] For this last argument, Liberty Mutual cites cases from the Oklahoma Supreme Court and Oklahoma Court of Civil Appeals holding that once a voluntary dismissal has been entered, the state trial court has no further jurisdiction to act in the case. *See* Motion at 8 (collecting cases).

[2] The Court has inherent authority to manage its cases "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also* Fed. R. Civ. P. 1.

on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation.").

    IT IS SO ORDERED this 5th day of July 2022.

 

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE